**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT WILSON DENT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 22-756** |
| | : | |
| **TIMOTHY J. MORRIS,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                        **March 9, 2022**

      Presently incarcerated Robert Wilson Dent sues Berks County judges, police officers, probation officers, his former lawyer, and others seeking release from his pretrial detention alleging civil rights violations since an August 2020 arrest. He also moved to proceed without paying the filing fees and for appointment of counsel upon filing his case. We granted him leave to proceed without paying the filing fees but reserved the screening of the merits of his allegations.[1] We will not order the issuance of summons until after we screen his complaint for merit.

      Mr. Dent now moves for appointment of counsel. We find no basis at this early stage to refer this matter to our Volunteer Panel or appoint counsel at this early stage. Although Congress in 28 U.S.C. § 1915(e)(1) permits us to appoint counsel in civil rights cases for indigent prisoners, our Court of Appeals emphasizes "volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately."[2] "Civil litigants have no constitutional or statutory right to appointed counsel."[3] Nevertheless, Congress has provided "[t]he court may request an attorney to represent any person unable to afford counsel," granting us "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[4]

      We undertake a two-step inquiry under our Court of Appeals' guidance in *Tabron*. First, we must consider the merits of the claim, deciding whether it has "arguable merit."[5] If so, we then consider a non-exhaustive list of factors, including (1) the plaintiff's ability to present his or her

own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) the plaintiff's ability to retain and afford counsel.[6] These same factors apply to first and subsequent requests, regardless of the stage of the case, and we "should consider the *Tabron* guideposts that may be relevant . . . at the time and stage of the litigation that the request is made."[7] Our Court of Appeals cautions "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[8]

We cannot yet determine whether Mr. Dent's claims have arguable merit. We will await further progress should the allegations pass our screening under Congress' mandate and after the pleadings. We cannot turn to the remaining *Tabron* factors yet. We will have a better idea after review of motions to dismiss and close of the pleadings.

Even if we addressed the *Tabron* factors at this stage, we could not approve compelling an attorney to undertake a voluntary representation without more detail developed after the close of the pleadings. First, Mr. Dent appears capable of presenting his own case. Second, the legal issues involved in this case are not so complex at this preliminary stage as to require the aid of counsel. Third, the fact investigation necessary to prosecute the claim will be limited at this stage but may be impeded by his custodial status. While it is possible his claims may involve credibility determinations, we are not near this issue yet. The case may involve expert witnesses. As for the sixth factor, Mr. Dent is unable to retain counsel given his present custodial status. At this stage, these factors together weigh in favor of denying Mr. Dent's motion for appointment of counsel without prejudice.

After carefully considering our Court of Appeals' *Tabron* factors, we cannot find Mr. Dent's claims are truly substantial requiring counsel at this very early stage.[9] His filings suggest literacy, education, and ability to understand language to support a finding he is able to present his case. Although pro se litigants who are incarcerated always face greater challenges than other litigants in bringing civil rights claims, which can be complex, after weighing these obstacles against the issues presented by Mr. Dent at this stage, we are not persuaded an appointment of counsel is presently warranted.

We deny Mr. Dent's Motion for appointment of counsel without prejudice.

---

[1] ECF Doc. No. 5.

[2] *Tabron v. Grace,* 6 F.3d 147, 157 (3d Cir. 1993).

[3] *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)).

[4] *Montgomery*, 294 F.3d at 498 (quoting *Tabron*, 6 F.3d at 153).

[5] *Houser*, 927 F.2d at 697 (citing *Tabron*, 6 F.3d at 155).

[6] *Id.* (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56).

[7] *Houser*, 927 F.2d at 700.

[8] *Montgomery*, 294 F.3d at 499; *Houser*, 927 F.3d at 700.

[9] *Tabron*, 6 F.3d at 156.