**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT WILSON DENT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-756 |
| | : | |
| TIMOTHY J. MORRIS | : | |

## <u>MEMORANDUM</u>

KEARNEY, J.                                                                    March 23, 2022

      The Commonwealth presently detains Robert Wilson Dent at SCI Forest while he awaits trial on criminal charges of possessing controlled substances in the Berks County Court of Common Pleas. While pro se moving for relief in the state court, Mr. Dent also now files this case pro se suing police officers and investigators, state court judges, parole supervisors and managers, and his former lawyer for conduct relating to an arrest and the ongoing prosecution. He asks we dismiss the criminal case, order his release, and award him civil rights damages stemming from his arrests on August 13, 2020 and February 24, 2021. He claims false arrest, false imprisonment, ineffective lawyering, and illegal detention among other constitutional violations. He also claims excessive force by two officers during their August 13, 2020 arrest of him following a traffic stop.

      He filed this case with our leave to proceed without paying the filing fees given his indigent incarcerated status. Congress requires we screen complaints filed without paying filing fees for merit before the taxpayers incur costs of summons and Marshal service. We studied Mr. Dent's facts and claims. We cannot order the Commonwealth to dismiss the ongoing criminal prosecution. We must abstain from granting most of the requested relief. Following our screening, we must dismiss all of his claims except his excessive force claim against Officers Timothy J. Morris and Yisleidy D. Minaya-Vargas allegedly involved in an August 13, 2020 traffic stop and alleged arrest.

## I.      Pro se alleged facts

Mr. Dent's pro se complaint is difficult to understand. From what we can patch together, Reading City Police Officer Timothy J. Morris stopped Mr. Dent for a motor vehicle violation on August 13, 2020.[1] Officer Morris grabbed Mr. Dent by the wrist and pulled him out of his car.[2] Reading City Police Officer Yisleidy D. Minaya-Vargas assisted Officer Morris. The officers "swept [the feet] out from under [Mr. Dent] taking [him] to the ground with reckless disregard for human life, and handcuffed [him] with excessive force during the Corona virus" (when they should have stood six feet away) in violation of Mr. Dent's Eighth Amendment rights.[3] Officers took Mr. Dent "to jail for alleged charges" and administered a breathalyzer test.[4] Officers released Mr. Dent after he passed the breathalyzer test and did not charge him with an offense or issue a traffic ticket.[5]

Mr. Dent later requested Officer Morris's body cam video of the August 13, 2020 traffic stop but unnamed persons refused to produce the video.[6] Mr. Dent contends this refusal to produce an alleged body cam video constitutes a *Brady*[7] violation in his ongoing criminal case and violates the Fifth and Fourteenth Amendments. Mr. Dent does not allege officers searched his car on August 13, 2020 or then charged him with an offense.

### *Officer Morris seeks a search warrant in November 2020.*

Three months later, on November 24, 2020, Officer Morris deliberatively, intentionally, and knowingly, and with reckless disregard for the truth, gave false statements in an Affidavit of Probable Cause to obtain a search warrant of Mr. Dent's car.[8] We have no context for this November 20, 2020 Affidavit of Probable Cause. We assume it has some connection to the August 13, 2020 traffic stop.

Magisterial District Judge Alvin B. Robinson, relying on Officer Morris's Affidavit of Probable Cause, issued a search warrant for Mr. Dent's car.[9] After obtaining the warrant, Officer

Morris and Criminal Investigator Darren Smith searched Mr. Dent's car. There is no allegation of the results of the search or what officers seized. The Berks County Docket shows a "receipt/inventory of seized property" on November 24, 2020.

### Officers arrest Mr. Dent in February 2021 and confine him in March 2021.

Reading City Police allegedly arrested Mr. Dent on February 24, 2021. The Berks County Court of Common Pleas Docket does not show a February 24, 2021 arrest date; the docket reflects an arrest date of August 13, 2020 and a complaint date of November 18, 2020. The docket reflects Mr. Dent's confinement at SCI Forest beginning on March 26, 2021.

Magisterial District Judge Tonya A. Butler set bail on April 16, 2021 in the criminal complaint on two charges of intentional possession of a controlled substance under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. § 780-113(a)(16), and bound the case over for trial.[10]

### Attorney Missan enters his appearance but then moves to withdraw as counsel.

The Berks County Court of Common Pleas Docket reflects experienced Attorney Paul Missan entered his appearance for Mr. Dent on April 22, 2021. The docket shows Attorney Missan waived a May 10, 2021 arraignment before Berks County President Judge Thomas G. Parisi.[11] Attorney Missan filed an omnibus pre-trial motion for relief but we are not told the basis of the pretrial motion.[12] The docket confirms President Judge Parisi granted in part and denied in part Mr. Dent's omnibus pre-trial motion.

Although represented by Attorney Missan, the Berks County Docket shows Mr. Dent pro se moved to dismiss for lack of subject matter jurisdiction and a petition for return of property. While he does not describe these pro se filings, Mr. Dent alleges "Judges" and "the DA" continue "to commit fraud on the court as they continue to prosecute this cause of action, deliberately,

knowingly with reckless disregard, when the court[s] of Berks County lack subject matter jurisdiction."[13]

The docket shows President Judge Parisi scheduled a case status and waiver of Pennsylvania Rule of Criminal Procedure 600/1013[14] for December 23, 2021. Attorney Missan moved to withdraw as counsel for Mr. Dent on November 30, 2021 and President Judge Parisi granted Attorney Missan's petition for leave to withdraw on December 23, 2021.

### Mr. Dent's pro se activity since January 2022.

The state court docket reflects Mr. Dent's pro se petitioned to recuse President Judge Parisi because he "should [have] recused himself from my cause of action, as a change of venue is required as well, due to Berks County courts practice, [sic] supports and maintains a policy of racial discrimination, this violates my equal protection in the U.S. Const[itution]."[15]

The docket reflects a hearing in state court scheduled for March 17, 2022, although we do not know the issue to be heard. The docket also reflects an Order directing the Public Defender to evaluate whether Mr. Dent is eligible for services and an "Affidavit of Default Judgment" filed by Mr. Dent. We have no further information on the status of the ongoing criminal action.

### II.    Analysis

We granted Mr. Dent leave to proceed *in forma pauperis*.  Congress requires we now screen his complaint and dismiss it if we determine his action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[16] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6),[17] accepting all factual allegations as true and construing those facts in the light most favorable to Mr. Dent to determine whether he states a claim to relief plausible on its face.[18] Mr.

Dent's complaint must also comply with Federal Rule of Civil Procedure 8 requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings … particularly where the pro se litigant is imprisoned.'"[19] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[20] However "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[21]

We screened Mr. Dent's claims. We dismiss all of Mr. Dent's claims other than his excessive force claims arising from his August 13, 2020 arrest. We abstain from his claims at issue in the ongoing state court proceeding. Mr. Dent also fails to state civil rights claims for damages from the state court judges, prosecutors, parole officers, and his former attorney. Mr. Dent may proceed on his excessive force claim against Officers Morris and Minaya-Vargas during the August 13, 2020 traffic stop.

### A.       We abstain from an ongoing state court criminal proceeding.

Mr. Dent seeks a preliminary injunction under Federal Rule of Civil Procedure 65 ordering the state to (1) release him from detention "until the outcome of the case"; and (2) dismiss the state charges against him for "lack of subject matter jurisdiction."[22] He also seeks damages for alleged constitutional violations associated with his arrest, specifically excessive force, warrantless search, false arrest, and false imprisonment. Mr. Dent's relief is intertwined with his request for injunctive relief; he claims because of constitutional violations surrounding the search of his car, his arrest and imprisonment, we must enter an injunction ordering the Commonwealth to dismiss its criminal

complaint against him and release him from pre-trial detention. He seeks immediate release from detention and $3,000 per day from each Defendant for every day of his detention.

We may not grant the equitable relief Mr. Dent seeks nor can we jump into the middle of his ongoing criminal case. The Supreme Court instructs us to abstain from deciding issues in a pending state criminal prosecution under *Younger v. Harris*.[23]

Federal courts have a "virtually unflagging obligation" to hear and decide cases within the scope of our jurisdiction.[24] But to promote comity between federal and state governments, we are required under *Younger* to abstain from deciding cases that would interfere with certain ongoing state proceedings.[25] We apply a two-stage analysis to determine whether *Younger* abstention applies. First, we examine whether the underlying state court litigation falls within one of three "exceptional circumstances": (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions" (the "*Sprint* categories").[26]

All but one of Mr. Dent's claims fall squarely within the first *Sprint* category; there is an ongoing state criminal prosecution in *Commonwealth v. Dent*, Court of Common Pleas of Berks County, No. CP-06-CR-0001299-2021. We then move to the second stage of our analysis. In the second stage, we consider three factors articulated by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Association*:[27] whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[28] We must abstain under *Younger* if these factors apply.

Abstention may be inappropriate where there is a showing of bad faith or harassment.[29] "A prosecution or proceeding is conducted in 'bad faith' for abstention purposes when it is brought

'without hope' of success."[30] Bad faith may also be implicated where a plaintiff shows "the state proceeding was 'initiated with and is animated by a retaliatory, harassing, or other illegitimate motive.'"[31] Mr. Dent has the burden of showing bad faith or harassment. There are no such allegations in his complaint.

### 1. *Younger* applies to Mr. Dent's request for preliminary injunction.

The *Middlesex* factors are satisfied in this case. First, Mr. Dent is the defendant in an ongoing state criminal prosecution. Granting Mr. Dent's request for injunctive relief – dismissing the criminal charges against him and releasing him from state detention – would interfere with the ongoing judicial proceeding in the Berks County Court of Common Pleas. Second, the Commonwealth's criminal action against Mr. Dent implicates the Commonwealth's interests in enforcing its criminal laws. Third, Mr. Dent may raise his claims of constitutional violations surrounding the search of his car, his arrest, and detention in the context of the criminal proceeding pending in Berks County.

### 2. *Younger* applies to Mr. Dent's civil rights claims except excessive force.

Mr. Dent claims a variety of state actors owe him damages for violating his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Section 1983 is a civil rights statute providing: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted …."[32]

Congress in section 1983 did not confer rights upon a plaintiff. Rather, section 1983 is the vehicle used to bring federal constitutional claims in federal court. To state a claim under section 1983, Mr. Dent must establish two elements: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived his of rights, privileges, or immunities secured by the Constitution or laws of the United States.[33]

Mr. Dent claims false arrest, false imprisonment, and a warrantless search of his car in violation of his constitutional rights by state actors, alleging:

- Officer Morris made a traffic stop without probable cause;[34]

- Unidentified persons failed to produce Officer Morris's body cam video from the August 13, 2020 traffic stop in violation of *Brady*;[35]

- Officer Morris deliberately and intentionally made false statements in his November 2020 Affidavit of Probable Cause submitted to Magisterial District Judge Robinson for a search warrant of his car;[36]

- Judge Robinson failed to "plac[e] his seal or signature on Officer Morris's invalid affidavit";[37]

- A warrantless re-arrest on February 24, 2021;[38]

- Officer Morris and Criminal Investigator Smith conducted a warrantless search of his car;[39]

- Ineffective assistance of his counsel, Attorney Missan, by (a) waiving the April 27, 2021 arraignment; (b) conspiring with "the Judges, the DA and the cops" to violate his civil rights; and (c) failure to move for dismissal of the charges in the omnibus pre-trial motion;[40]

- The Parole Defendants lacked probable cause to issue an arrest warrant for violating the terms of his parole;[41] and

- President Judge Parisi violated Mr. Dent's Sixth Amendment right to a speedy trial by waiving a "speedy trial and Rule 600" and by the County's policy of race discrimination.[42]

Each of these challenges involve the ongoing criminal proceeding against Mr. Dent in state court and implicate Pennsylvania's important interest in enforcing its criminal laws. Mr. Dent may raise these federal constitutional issues before the Berks County Court of Common Pleas. His

section 1983 action "seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention ...."[43] And, to the extent Mr. Dent seeks dismissal of the criminal charges against him as a result of the alleged constitutional violations, "he is essentially asking for relief only available through habeas corpus."[44]

Mr. Dent asks us to interfere with an ongoing state criminal proceeding. We may not do so and, as all requirements for *Younger* abstention are met, we abstain from granting Mr. Dent's requested injunctive relief forcing the Commonwealth to dismiss the state charges against him and release him from detention.

### B.    Mr. Dent may proceed on his excessive force claim.

While *Younger* abstention prevents our review of Mr. Dent's claims bound up in the ongoing criminal proceeding against him, abstention does not apply to his excessive force claim against Officers Morris and Minaya-Vargas during the August 13, 2020 traffic stop.[45]

Claims of excessive force by law enforcement by those outside of police custody are analyzed under the Fourth Amendment.[46] "To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that it was unreasonable under the circumstances."[47] To determine "reasonableness" of the officer's conduct, measured by an objective standard, we are required to pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[48]

Mr. Dent alleges Officer Morris stopped him for a "motor vehicle violation."[49] During the stop, Officer Morris allegedly grabbed Mr. Dent by the wrist and pulled him out of his car.[50] Officer Minaya-Vargas assisted Officer Dent and the officers "swept [the feet] out from under

[Mr. Dent] taking [him] to the ground with reckless disregard for human life, and handcuffed [him]." Taking Mr. Dent's allegations at true, as we must at this stage, he just nudges his claim over the plausible line; if, as pleaded, Officer Morris grabbed Mr. Dent by the wrists and pulled him out of his car and both Officer Morris and Officer Minaya-Vargas knocked Mr. Dent's feet out from under him causing him to hit the ground and handcuffed him there, all in response to a "motor vehicle violation," Mr. Dent just barely alleges a seizure unreasonable under the circumstances.

Mr. Dent's excessive force claim does not involve his state criminal proceeding. The Commonwealth did not charge him with resisting arrest.[51] We will allow this excessive force claim to proceed against Officers Morris and Minaya-Vargas. We appreciate the parties may not wish to present testimony at this stage which could affect Mr. Dent's Fifth Amendment rights or the prosecution's witness testimony given the ongoing criminal prosecution.[52] We can address the timing of discovery and trial date after hearing from the parties.

### C.    Mr. Dent fails to state claims other than excessive force even if we did not abstain under *Younger*.

Even if *Younger* abstention did not apply, Mr. Dent's claims fail against the state court judges, the Berks County district attorneys, parole personnel, and his former attorney.

#### 1.    The state court judges are absolutely immune from suit.

Mr. Dent's claims against Magisterial District Judge Alvin B. Robinson, Magisterial District Judge Tonya A. Butler, and President Judge Thomas G. Parisi fail as a matter of law under the doctrine of judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[53] Absolute judicial immunity extends even where a judge's action "was in error, was done maliciously, or was in excess of his

authority ….”[54]  Judicial immunity is abrogated only where a judge has acted "in the clear absence of all jurisdiction."[55]

Mr. Dent alleges Judges Robinson, Butler, and President Judge Parisi "usurped" the law and exceeded their office and jurisdiction and are not immune from suit.[56] This allegation is based on Mr. Dent's misguided "lack of subject matter jurisdiction" argument. As detailed above, Pennsylvania's Constitution vests the courts of common pleas with unlimited original jurisdiction of ***all actions***, except where otherwise provided by law. Mr. Dent's allegations against the Judges Robinson, Butler, and President Judge Parisi are related to actions they took as judges: Judge Robinson approved a search warrant; Judge Butler set bail; and President Judge Parisi is the presiding judge in the Commonwealth's criminal prosecution against Mr. Dent. There are no facts showing the judges acted in the clear absence of jurisdiction. Mr. Dent's claims against Judges Robinson, Butler, and President Judge Parisi are dismissed with prejudice.

### 2.    The district attorneys are immune from suit.

Mr. Dent alleges Berks County District Attorneys Ellen West and Kaitlin Daley conspired with Attorney Missan and the Berks County judges and police to deprive him of his constitutional rights by prosecuting the criminal charges against him.

Prosecutors are absolutely immune from liability for money damages under section 1983 in performing their prosecutorial functions.[57] The United States Supreme Court directs us to apply a "functional approach" to determine whether absolute prosecutorial immunity applies.[58] Under the functional test, a prosecutor is absolutely immune from liability for work "intimately associated with the judicial phase of the criminal process," for example, "arising from their conduct in beginning a prosecution."[59]

11

Mr. Dent alleges District Attorneys West and Daley "continue to commit fraud on the court as they continue to prosecute this cause of action, deliberately, knowingly with reckless disregard, where the court[s] of Berks county lack subject matter jurisdiction."[60] His claims relate directly to the actions of District Attorneys West and Daley in prosecuting the criminal action against him. As such, they are absolutely immune from damages under section 1983. We dismiss claims against them without prejudice.

### 3. The parole agents and Board member are immune from suit.

Mr. Dent sues Pennsylvania Board of Probation and Parole agents Supervising Agent McCartin, Parole Supervisor Jones, Parole Manager Smeal, and Board Secretary Carpenter under section 1983 in their individual capacities. Mr. Dent alleges these agents lacked probable cause before seeking his arrest on a violation of the terms of his parole.[61] We are given no further allegations regarding the agents' conduct or how they relate to the alleged search of Mr. Dent's car, his subsequent arrest, and drug possession charges.

"[P]robation officers and Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties."[62] Although not entirely clear, Mr. Dent challenges the conduct of parole agents McCartin, Jones, and Smeal and Board Secretary Carpenter for issuing an arrest warrant for violation of the terms of his parole. These are actions "intimately associated with the judicial phase of the criminal process" and adjudicatory in nature.[63] We dismiss Mr. Dent's claims against the parole agents without prejudice.

### 4. Attorney Missan is not a state actor for purposes of his section 1983 claim and fails to state a claim for ineffective assistance of counsel in the ongoing prosecution.

Mr. Dent alleges ineffective assistance of his former attorney Mr. Missan in violation of his Sixth Amendment right by "coercing" him into waiving the April 27, 2021 arraignment and

"refusing" to file a speedy trial and Rule 600 petition and then conspired with the state court judges, the district attorneys, and police to violate his constitutional rights.[64]

We dismiss claims Attorney Missan violated his constitutional rights under section 1983. To state a claim under section 1983, Mr. Dent must plead a constitutional deprivation committed by a person acting under color of state law.[65] "[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of §1983."[66] While a defense attorney may act "under color of" state law when conspiring with state officials to deprive a person of his constitutional rights, "a plaintiff pleading unconstitutional conspiracy 'must assert facts from which a conspiratorial agreement can be inferred …'"[67]

Mr. Dent does not offer plausible allegations Attorney Missan conspired with a state actor. Mr. Dent's alleged conspiracy is based on his theory the Berks County Court of Common Pleas, through its Judges, the district attorneys, and state parole agents and Board member lacked jurisdiction over him. As fully detailed, this is implausible.

And his ineffective assistance of counsel claim under the Sixth Amendment also lacks merit. We construe Mr. Dent's claim as a pre-trial habeas petition alleging ineffective assistance under 28 U.S.C. § 2241(c)(3).[68] Federal habeas corpus is substantially a post-conviction remedy.[69] While we have jurisdiction to issue a writ of habeas corpus before judgment in the state criminal proceeding, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."[70] While Congress in section 2241 did not include an exhaustion requirement, courts apply the exhaustion requirement of section 2254 to section 2241 challenges.[71] "Exhaustion requires that the state courts be given the opportunity to correct any errors before the federal court reviews a claim. To that extent, a petitioner must invoke 'one complete round of the state's established appellate review process' in order to exhaust his

remedies. The claim brought in federal court must be the substantial equivalent of that previously presented in state court."[72] "[J]urisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'"[73]

Mr. Dent does not allege he exhausted his state court remedies relating to Attorney Missan's representation. There are no extraordinary circumstances warranting pre-trial habeas relief.[74] While, if true, the allegations may give rise to a future claim should he exhaust, Mr. Dent has not established he will suffer immediate harm or the alleged deficiencies in his state court prosecution cannot be corrected by the Pennsylvania trial or appellate courts.[75] We dismiss his pre-trial habeas claim under 28 U.S.C. § 2241 without prejudice to exhaust his remedies.

### III.   Conclusion

We dismiss Mr. Dent's claims except for the excessive force claim against Officers Morris and Minaya-Vargas for alleged conduct during the August 13, 2020 traffic stop. We deny his motion for a preliminary injunction. We will proceed with an initial pretrial conference on the excessive force claim where we may consider staying the trial on the excessive force claim while the Commonwealth and Mr. Dent proceed with the criminal prosecution.

---

[1] ECF Doc. No. 2 at 6, §V, ¶ 1.

[2] *Id.* at 6, §V, ¶ 2.

[3] *Id.*; and Declaration at 15.

[4] ECF Doc. No. 2, Declaration at 15.

[5] *Id.* Mr. Dent contends the officers engaged in a warrantless arrest on August 13, 2020 without probable cause in violation of his Fifth, Eighth, and Fourteenth Amendment rights.

[6] ECF Doc. No. 2 at 6–7, §V, ¶ 2.

[7] Under the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. A "*Brady* violation" occurs when the government does not turn over such evidence and its failure to do so causes prejudice to the defendant. *United States v. Bansal*, 663 F.3d 634, 670 (3d Cir. 2011) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

[8] ECF Doc. No. 2 at 7, §V, ¶ 3. *See also* Berks County Court of Common Please Docket at ECF Doc. No. 2 at 22.

[9] ECF Doc. No. 2 at 7, §V, ¶ 3.

[10] Pennsylvania law prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 Pa. Cons. Stat. § 780-113(a)(16).

The state criminal case may also involve a parole violation although the case pending for trial involves possession of controlled substances. Mr. Dent also alleges parole personnel Supervising Agent Daniel J. McCartin, Parole Supervisor Matthew C. Jones, Pennsylvania Parole Board Secretary Deborah L. Carpenter, and Parole Manager Elliot L. Smeal must have reasonable suspicion and probable cause before seeking arrest of a parolee's violation of the terms of probation. ECF Doc. No. 2 at 7, §V, ¶¶10–11. It is unclear whether the Commonwealth supervised Mr. Dent on parole at the time of his arrests and we have no idea of the parole officers' alleged conduct in relation to Mr. Dent's constitutional claims.

[11] Mr. Dent alleges Attorney Missan violated his Sixth Amendment right to effective assistance of counsel by coercing him into waiving the arraignment and by refusing to file for a "speedy trial" and "Rule 600 Petition." ECF Doc. No. 2 at 7, §V, ¶¶ 5–6. We assume Mr. Dent's reference to a "Rule 600 Petition" is to Pennsylvania Rule of Criminal Procedure 600. Rule 600(B) provides, in the case of pre-trial incarceration: "Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of (1) 180 days from the date on which the complaint is filed; …" Rule 600(D)(2) provides: "Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion."

Mr. Dent alleges Attorney Missan knew Officer Morris's Affidavit of Probable Cause "did not have Judge Robinson's seal and signature on it" – suggesting a defect in the search warrant – "yet failed to petition the court for dismissal due to the Courts of Berks County lack subject matter jurisdiction [sic]." ECF Doc. No. 2 at 7, §V, ¶ 7. Mr. Dent alleges Attorney Missan conspired with

Judges Robinson and Butler and President Judge Parisi, Berks County District Attorneys Ellen West and Kaitlin Daley, and "the cops" to violate his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at 7, §V, ¶¶ 7,  8.

[12] Mr. Dent appends one page of the omnibus pre-trial motion which appears to move, at least in part, for suppression of evidence. *See* ECF Doc. No. 2 at 19.

[13] ECF Doc. No. 2 at 7, §V, ¶ 7.

[14] Pennsylvania Rule of Criminal Procedure 1013 governs prompt trial in Pennsylvania Municipal Courts. Pa. R. Crim. P. 1013.

[15] ECF Doc. No. 2, Declaration at 16.

[16] 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

[17] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[18] *Id.* (quoting *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012)).

[19] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[20] *Yogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Higgs*, 655 F.3d at 339).

[21] *Yogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F.3d at 245).

[22] *See* ECF Doc. No. 2 at 11. To the extent Mr. Dent bases his action on his belief the Berks County Court of Common Pleas does not have subject matter jurisdiction over the Commonwealth's criminal action against him, we deny it. Mr. Dent appears to base his argument for injunctive relief (even if we could order injunctive relief) on a mistaken notion the Pennsylvania courts do not have subject matter jurisdiction over his criminal action. It appears he believes because Officer Morris's Affidavit of Probable Cause in seeking a search warrant for his car in November 2021 is allegedly based on deliberately false statements, the search warrant issued by Judge Robinson based on Officer Morris's Affidavit is defective divesting the Pennsylvania courts of subject matter jurisdiction. "The assessment of 'whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.'" *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628, 636

(Pa. 2021) (quoting *Assouline v. Reynolds*, 219 A.3d 1131, 1137 (2019)). Pennsylvania's Constitution vests the courts of common pleas with unlimited original jurisdiction of ***all actions***, except where otherwise provided by law. *Domus, Inc.*, 252 A.3d at 636 (quoting Pa. Const. art. V, § 5). Under Pennsylvania statute, "[e]xcept where exclusive original jurisdiction of an action or proceeding is by statute or by general rule … vested in another court of this Commonwealth, the courts of common pleas ***shall have*** unlimited jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. Cons. Stat. Ann. § 931(a) (emphasis added).

[23] 401 U.S. 37 (1971).

[24] *Smith & Wesson Brands, Inc. v. Attorney Gen. of New Jersey*, --- F.4th ---. No. 21-2492, 2022 WL 711244, at \*2 (3d Cir. Mar. 10, 2022) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[25] *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019).

[26] *Smith & Wesson Brands, Inc.*, 2022 WL 711244 at \*3 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

[27] 457 U.S. 423 (1982).

[28] *Malhan*, 938 F.3d at 462 (applying the *Middlesex* factors).

[29] *Abbott v. Mette*, No. 21-1804, 2021 WL 5906146 at \*3 (3d Cir. Dec. 14, 2021) (citing *Middlesex*, 475 U.S. at 435).

[30] *Id.* (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

[31] *Id.* (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)).

[32] 42 U.S.C. § 1983.

[33] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[34] ECF Doc. No. 2 at 6, §V, ¶ 1.

[35] ECF Doc. No. 2 at 6–7, §V, ¶ 2.

[36] ECF Doc. No. 2 at 7, §V, ¶ 3; Declaration at 15.

[37] *Id.*

[38] ECF Doc. No. 2, Declaration at 15.

[39] ECF Doc. No. 2 at 7, §V, ¶ 4; Declaration at 16.

[40] ECF Doc. No. 2 at 7, §V, ¶¶ 5–8; Declaration at 16.

[41] ECF Doc. No. 2 at 7, §V, ¶¶ 10–12; Declaration at 16.

[42] ECF Doc. No. 2 at 7, §V, ¶ 12; Declaration at 16.

[43] *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010).

[44] *Id. See also Corp. Commw. of Pennsylvania v. Moody*, No. 22-237, 2022 WL 474717, at * 2 and n.6 (E.D. Pa. Feb. 16, 2022) (citing *Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 40-41 (3d Cir. 2017) (dismissing section 1983 claims under *Younger* because ongoing state criminal proceedings implicate the important state interest in prosecuting criminal behavior and those proceedings provide the defendant with an opportunity to raise federal constitutional defenses to his prosecution).

[45] ECF Doc. No. 2 at 6–7, §V, ¶ 2; Declaration at 15.

[46] *Jefferson v. Lias*, 21 F. 4th 74, 78 (3d Cir. 2021) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

[47] *Id.* (quoting *El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020)).

[48] *Graham*, 490 U.S. at 396.

[49] ECF Doc. No. 2 at 6, §V, ¶ 1.

[50] *Id.* at 6, §V, ¶ 2.

[51] *See e.g. Fleming v. Yates*, No. 21-349, 2021 WL 6622489, at *8 (M.D.Pa. Apr. 19, 2021), *report and recommendation adopted*, 2021 WL 5833441 (M.D. Pa. Dec. 9, 2021) (excessive force claims against officers not barred by *Younger* while state case proceeds); *Anderson v. Dauphin Cnty. Adult Probation Office*, No. 15-878, 2016 WL 769278, at *9 (M.D.Pa. Jan. 25, 2016), *report and recommendation adopted*, 2016 WL 759162 (M.D. Pa. Feb. 26, 2016) (excessive force claim against probation officer not barred by *Younger* finding claim had no bearing on the state criminal proceeding with no charge of resisting arrest or related offense).

[52] *Fleming v. Yates*, No. 21-349, 2021 WL 6622489, at *8 (M.D.Pa. Apr. 19, 2021).

[53] *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

[54] *Id.*

[55] *Id.*

18

---

[56] ECF Doc. No. 2 at 13.

[57] *Fogle v. Sokol*, 957 F.3d 148, 158–59 (3d Cir. 2020).

[58] *Id.* at 159 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

[59] *Id.* at 159–60 (citing *Imbler*, 424 U.S. at 431). Under Supreme Court precedent, the "presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties" and the Court "ha[s] been 'quite sparing' in [its] recognition of absolute immunity … and have refused to extend it any 'further than its justification would warrant.'" *Burns v. Reed*, 500 U.S. 478, 486–87 (1991) (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988) and *Harlow v. Fitzgerald*, 457 U.S. 800, 811 (1982)). We need not delve into the absolute versus qualified immunity analysis as Mr. Dent's allegations challenge the conduct of District Attorneys West and Daley in "continu[ing] to ***prosecute***" the criminal action against him, putting their challenged conduct squarely within the ambit of absolute immunity. *See Imbler*, 424 U.S. at 430–31.

[60] ECF Doc. No. 2 at 7, §V, ¶ 7.

[61] ECF Doc. No. 2 at 7, §V, ¶¶ 10–11; Declaration at 16.

[62] *Merritt v. Poinsky*, No. 18-213, 2019 WL 925864, at *4 (E.D.Pa. Feb. 25, 2019) (quoting *Thompson v. Burke*, 556 F.2d 231, 236 (3d Cir. 1977)).

[63] *Wright v. Engelmeyer*, No. 21-87, 2021 WL 4786838, at *7 (M.D. Pa. Aug. 31, 2021) (quoting *Thompson*, 556 F.2d at 237).

[64] ECF Doc. No. 2 at 7, §V, ¶¶ 5–7, Declaration at 16.

[65] *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

[66] *Id.* (citations omitted).

[67] *Id.* (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F. 3d 159, 178 (3d Cir. 2010)).

[68] *See Whitney v. Pennsylvania*, No. 12-6241, 2014 WL 1041405, at *2 (E.D. Pa. Mar. 18, 2014) ("When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241, not 28 U.S.C. § 2254 because § 2254 requires that the petitioner be "in custody pursuant to the judgment of a State court" . . . Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus may extend to a prisoner in pretrial detention if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

[69] *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975).

[70] *Whitney*, 2014 WL 1041405, at *2 (citing *Moore*, 515 F.2d at 442).

[71] *Id.*

[72] *Id.* (internal citations omitted); *see also Evans v. Ct. of Common Pleas, Delaware Cty., Pa.,* 959 F.2d 1227, 1230–31 (3d Cir. 1992) (*"*The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations. A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. A claim is not deemed exhausted if it is raised for the first time in the state's highest court on discretionary review . . . However, a petitioner who has raised the claim on direct appeal need not raise it again in a state post-conviction proceeding . . .Of particular significance to the issue before us is whether the federal claim has been 'fairly presented' to the state courts . . . This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts . . . Both the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed in the federal court. . .").

[73] *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010).

[74] *See Lawson v. Warren,* No. 21-10732, 2021 WL 4206296, at *2 (D.N.J. Sept. 16, 2021) (denying pre-trial habeas relief for ineffective assistance of counsel, among other grounds, finding plaintiff "simply attempting to pre-litigate his defenses in this court prematurely"); *Milbourne v. Smith*, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020), *reconsideration denied*, No. 20-0012, 2020 WL 5422821 (D.N.J. Sept. 10, 2020) (finding no extraordinary circumstances for federal intervention in state criminal case when plaintiff brought pretrial habeas on various grounds, including ineffective assistance); *Robinson v. Harper*, No. 20-376, 2020 WL 2573352, at *4 (W.D. Pa. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 2572261 (W.D. Pa. May 21, 2020) (finding no extraordinary circumstances for pretrial habeas on various grounds, including ineffective assistance of counsel); *Dixon v. Larson*, No. 15-449, 2015 WL 1471263, at *2 (M.D. Pa. Mar. 31, 2015) (finding no extraordinary circumstances for pretrial habeas relief based on various grounds, including ineffective assistance of counsel); *McKnight v. Bishop*, No. 14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) (finding no extraordinary circumstances warranting immediate intervention of federal court but noting assertions regarding ineffective assistance are concerning).

[75] *See, e.g. McKnight*, 2014 WL 1338076, at *2.