**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT WILSON DENT** | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 22-756** |
| | : |
| **TIMOTHY J. MORRIS and** | : |
| **YISLEIDY D. MINAYA-VARGAS** | |

# ORDER

**AND NOW**, this 23rd day of March 2022, following our Congressionally-mandated screening of the incarcerated Plaintiff's *pro se* Complaint (ECF Doc. No. 2) proceeding without the payment of filing fees, finding we must abstain from all claims at issue in the Commonwealth's ongoing prosecution of the Plaintiff except for the Plaintiff's claim of excessive force against two officers arising from an August 13, 2020 traffic stop, Plaintiff otherwise fails to state a claim against parties without immunity other than for excessive force against two officers, and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. We **DISMISS** all of Plaintiff's claims against President Judge Thomas G. Parisi, Magisterial District Judge Alvin B. Robinson, and Magisterial District Judge Tonya A. Butler with prejudice;

2. We **DISMISS** the remainder of Plaintiff's claims, except his claims for excessive force against Officers Timothy J. Morris and Yisleidy D. Minaya-Vargas during an August 13, 2020 traffic stop, without prejudice;

3. We **DISMISS** all parties other than Officers Timothy J. Morris and Yisleidy D. Minaya-Vargas and **amend** the caption consistent with the caption of this Order;

4. The Clerk of Court shall issue summonses as to Officer Timothy J. Morris and Officer Yisleidy D. Minaya-Vargas;

5. Service of the summonses and the Complaint (ECF Doc. No. 2) shall be made upon Officer Timothy J. Morris and Officer Yisleidy D. Minaya-Vargas by the Marshals Service;

6. Mr. Dent must complete and return the USM-285 forms on or before **April 25, 2022** so the Marshals can serve Officer Timothy J. Morris and Officer Yisleidy D. Minaya-Vargas.

7. Mr. Dent's unexcused failure to complete and return the USM-285 forms on or before **April 25, 2022** may result in dismissal of the excessive force claims without prejudice;

8. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

9. Requests for court action must be made by a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure, Local Rules and our Policies are to be followed. Mr. Dent is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions under our Policies and Orders. Failure to do so may result in dismissal. All parties are required to follow this Court's Policies and Procedures in effect at the time of the

anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov;

10. Mr. Dent is specifically directed to comply with our Policies and Local Rule 26.1(f) which provides "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Mr. Dent shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence;

11. No direct communication is to take place with the District Judge or United States Magistrate Judge about this case. All relevant information and papers are to be directed to the Clerk of Court;

12. In the event a summons is returned unexecuted, it is Mr. Dent's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made; and,

13. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in Court Orders or other information not being timely delivered, which could affect the parties' legal rights.

_____
KEARNEY, J.